UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>RODNEY PETERSON, )<br>)<br>Defendant. )<br>)<br>) | 2:24-CR-00078-DCLC-CRW |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count 4 of the Superseding Indictment [Doc. 111]. The United States ("the Government") has filed a Response in opposition [Doc. 121]. For the reasons set forth below, Defendant's motion is denied.

I.  **Background**

Defendant's criminal history spans from 1996 to 2024 and includes numerous drug and firearm offenses, as well as the violent felony of aggravated assault. In 1996, as a minor, Defendant was charged with and later convicted of violating the Georgia Controlled Substances Act for possessing cocaine with the intent to distribute [Doc. 121-1]. In 2001, Defendant was again convicted for violating the Georgia Controlled Substances Act for simple possession of cocaine [Doc. 121-2]. Defendant's parole was revoked in 2006 based on the commission of new offenses, possessing a firearm, absconding from supervision, and leaving the state without his parole officer's supervision [Doc. 121-5]. On February 20, 2007, Defendant was again convicted for the possession of cocaine with intent to distribute in violation of the Georgia Controlled Substances

Act, and he received a sentence of confinement for fifteen years, with nine years to be served in prison [Doc. 121-3].

On November 8, 2007, Defendant was convicted of the felony offenses of aggravated assault, obstruction of officers, possession of marijuana with intent to sell, obstruction of officers, and possession of a firearm by a convicted felon [Doc. 121-4]. In the commission of these offenses, Defendant assaulted an officer with a handgun [*Id.*]. He also struggled with the officer, causing the officer to strike his head on the ground [*Id.*]. Defendant received a sentence of twenty years confinement and was ordered to serve fifteen years in prison [*Id.*]. He was released on parole on May 2, 2017 [Doc. 121-7].

His most recent conviction occurred in 2020, when Defendant was convicted of possession of a firearm by a convicted felon and received a sentence of one year in prison [Doc. 111 at ¶ 7].

In July 2024, Defendant was under investigation by the Johnson City Police Department ("JCPD") for his involvement in a drug trafficking operation. On July 20, 2024, Defendant was observed loading articles into the back of a black Toyota RAV4. After he drove off in the vehicle, JCPD followed and initiated a traffic stop after observing Defendant speeding. During the stop, the JCPD investigator smelled marijuana coming from the vehicle, and a K9 officer alerted in two locations, including the back of the vehicle. JCPD then searched the trunk and found backpacks with combination locks. In one backpack, JCPD found a loaded .38 caliber Smith & Wesson pistol.

A Grand Jury returned a superseding indictment charging Defendant for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 82]. Defendant now seeks to dismiss Count 4 of the superseding indictment, arguing that § 922(g)(1) violates his Second Amendment rights. Specifically, Defendant states that his nonviolent convictions are insufficient to consider him "dangerous" and that conviction for aggravated assault in 2005 is "so remote in time that he

should not be considered to be a dangerous person at the time of his arrest on July 20, 2024." [Doc. 111].

II. Legal Standard

In *United States v. Williams*, the Sixth Circuit held that § 922(g)(1), the felon-in-possession statute, "is constitutional on its face and as applied to dangerous people." 113 F.4th 637, 662-63 (6th Cir. 2024). However, disarmed felons must have "an opportunity to make an individualized showing that he himself is not actually dangerous." *Id.* at 663. If a defendant can meet their burden and demonstrate that they are not dangerous, the Second Amendment will bar their § 922(g)(1) prosecution. *Id.* at 657. Courts hearing these challenges "may consider any evidence of past convictions in the record, as well as other judicially noticeable information—such as prior convictions—when assessing a defendant's dangerousness." *Id.* at 660.

*Williams* identified three different classes of past convictions, noting that "certain categories of past convictions are highly probative of dangerousness, while others are less so." *Id.* at 658. The first category includes convictions for "crimes against the person," like murder, rape, assault, and robbery. *Id.* Past convictions in this category "speak directly to whether an individual is dangerous." *Id.* Indeed, "there is little debate that violent crimes are at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.* Defendants face an "extremely heavy" burden of showing they are not dangerous if they have prior convictions for crimes against the person. *Id.*

The second category includes crimes that may not be "strictly crimes against the person" but could "nonetheless pose a significant threat of danger." *Id.* at 659. This category includes the crime of drug trafficking, which is a serious offense that "in itself, poses a danger to the community." *Id.* (citing *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010). Crimes in

this category "put someone's safety at risk, and thus, justify a finding of danger." *Id.* An individual convicted of felonies in either of these first two categories "will have a very difficult time, to say the least, of showing he is not dangerous." *Id.* at 663.

The third category includes crimes "that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Id.* at 663. These crimes often "cause no physical harm to another person or the community." *Id.* at 659. Convictions for this third category of crimes are unlikely to lead a court to find that the defendant is dangerous. *Id.*

### III. Analysis

Defendant brings as-applied and facial challenges to his charged violation of § 922(g)(1). Because Defendant has not met his burden to demonstrate that he is not dangerous, and because *Williams* is binding precedent, neither challenge succeeds.

#### A. The As-Applied Challenge

Defendant makes two arguments that he is not dangerous and therefore not subject to § 922(g)(1): first, that the age of his prior convictions for aggravated assault and controlled substance violations are so significant that they should be given little weight today; and second, that his controlled substance violations and earlier felon-in-possession conviction does not justify a finding of dangerousness.

Courts have provided conflicting guidance on whether the age of past convictions affects the *Williams* analysis. *Williams* itself does not address the issue, and a majority of courts applying *Williams* have remained silent. *United States v. Wynn*, No. 1:23-CR-29, 2025 WL 2602605 (E.D. Tenn. June 23, 2025). The Sixth Circuit has, on one hand, suggested that permanent felon disarmament under § 922(g)(1) is constitutional. *See United States v. Morton*, 123 F.4th 492, 498 n. 2 (6th Cir. 2024). On the other hand, some cases have suggested that aged convictions decrease

in probative value in finding dangerousness. *See United States v. Ronald Norvale Williams*, No. 24-1244, 2025 WL 1089531, at *1 (6th Cir. Apr. 11, 2025) (contemplating that some past offenses, like murder, may be too serious to overcome on *Williams* review even with time and rehabilitation).

Here, Defendant's sole conviction from the first dangerousness category under *Williams* is his aggravated assault conviction from an offense committed in 2005. His actions during that offense were particularly serious: he assaulted an officer with a gun and caused the officer to hit his head on the ground. There is no doubt that Defendant was a danger to the community in his past. However, the *Williams* analysis does not consider the dangerousness of the defendant at a specific moment, it evaluates the individual as a whole, over time. Using this conviction for aggravated assault to show dangerousness *could* be diminished because it took place 20 years ago. Yet even if it is given less weight in the analysis, simply because Defendant was convicted of a first category offense, he is still categorically faced with the extremely high burden of proving he is no longer dangerous.

Another wrinkle to Defendant's argument is the effect of incarceration on the age of his convictions. Defendant was incarcerated from February 2006 to May 2017. Other district courts have noted that spending a significant time in prison is "a reality that diminishes the force of [Defendant's] claim that his convictions are dated." *United States v. Pickett*, 757 F.Supp.3d 813, 818 (M.D. Tenn. Nov. 21, 2024). And in the eight years since he was released, Defendant has picked up two firearms charges: one conviction in 2020, and the present superseding indictment.

Defendant argues that this prior felon-in-possession conviction, as well as his older drug crimes, fall within the second category of crimes in *Williams*, and do not justify a finding of danger. These crimes do fall into the second category, but *Williams* holds that each second category crime

alone can justify a finding of danger. *See Williams*, 113 F.4th at 659 ("Ultimately, most of these crimes put someone's safety at risk, and thus, justify a finding of danger."). Defendant has four prior drug trafficking convictions, each being "a serious offense" that poses a threat to the safety of the community. *Id*. He also has two prior felon-in-possession convictions, which the Sixth Circuit has indicated are sufficient on their own to support a finding of dangerousness. *See id.* at 662 ("[Defendant]'s already been convicted of possessing a firearm as a felon . . . The government could've pointed to any one of those convictions to demonstrate his dangerousness."); *Morton*, 123 F.4th at 499 (affirming a finding of dangerous when the Defendant had, among other offenses, been convicted of possessing a firearm as a felon). Even without the prior felony of aggravated assault, Defendant would likely still be considered dangerous.

Defendant must counter an "extremely heavy" burden that he is dangerous, and he has failed to present any evidence in his motion to do so. *Id.* at 658. He has produced no evidence nor suggested the existence of evidence showing that he has been rehabilitated and is no longer a danger to the community since either his violent offense in 2005 or his recent firearm conviction in 2020. Given the facts before the Court on the nature of his previous offenses and the particular facts of each, as well as the recency of another firearm conviction, it is highly improbable that Defendant could produce sufficient evidence to meet his burden at this time.

"[I]n an as-applied challenge to § 922(g)(1), the burden rests on [Defendant] to show he's not dangerous," and here he has not satisfied that burden. *Id.* at 662. Defendant's past convictions demonstrate that he is a serious and direct threat to public safety. Therefore, he is sufficiently "dangerous" to be prosecuted pursuant to 18 U.S.C. § 922(g)(1) and application of § 922(g)(1) to Defendant does not violate the Second Amendment.

### B. The Facial Challenge

Defendant also raises multiple facial challenges to the constitutionality of *Williams*. First, he argues that the Sixth Circuit in *Williams* erred by relying on too broad of established principles and failed to identify relatively similar historical analogues for § 922(g)(1). Second, that *Williams'* "dangerousness" definition is insupportably vague in violation of *United States v. Rahimi*. And lastly, Defendant argues that the dangerousness test creates numerous procedural problems including unconstitutionally shifting the burden of proof to the Defendant, having the names of prior convictions trigger different burdens, and *Apprendi* problems.

The Court may not ignore binding precedent from the Sixth Circuit. *Williams* remains binding precedent, and the Court will not grant dismissal on these grounds.

### IV. Conclusion

For the foregoing reasons, Defendant has failed to meet his "extremely heavy" burden to prove he is not dangerous. *Williams*, 113 F. 4th at 658. As a result, § 922(g)(1) is constitutional as applied to Defendant and he may be lawfully disarmed. Accordingly, Defendant's Motion to Dismiss Count 4 of the Superseding Indictment [Doc. 111] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge